# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA
CIVIL DIVISION - LAW

RC LONESTAR, INC.                    :
                    Plaintiff        :        No.: C-48-CV-2010-7104
                                     :
         .v.                         :        CIVIL ACTION
                                     :
GENERAL ELECTRIC COMPANY,            :
SIEMENS INDUSTRY, INC.,              :        JURY TRIAL DEMANDED
SIEMENS ENERGY & AUTOMATION, INC.,   :
and ROBICON CORPORATION,             :
                    Defendants.   :

## NOTICE

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this pleading and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or obligations to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by foregoing or for any other claim or relief requested by the Plaintiffs.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU CANNOT AFFORD A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Northampton County Lawyer Referral Service
155 S. 9th Street, Easton, PA  18042
(610) 258-6333

                              BROUGHAL & DeVITO, L.L.P.

                              LEO V. DeVITO, JR., ESQ.
                              Attorney I.D. No. 40000
                              *Attorney for Plaintiff*
                              38 West Market Street
                              Bethlehem, PA 18018
                              610-865-3664

IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA
CIVIL DIVISION - LAW

| | | |
|---|---|---|
| RC LONESTAR, INC. | : | |
| Plaintiff | : | No.: C-48-CV-2010-7104 |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| GENERAL ELECTRIC COMPANY, | : | |
| SIEMENS INDUSTRY, INC., | : | JURY TRIAL DEMANDED |
| SIEMENS ENERGY & AUTOMATION, INC., | : | |
| and ROBICON CORPORATION, | : | |
| Defendants. | : | |

**COMPLAINT**

RC LONESTAR INC. ("Plaintiff"), by and through its undersigned legal counsel, and pursuant to the Pennsylvania Rules of Civil Procedure, upon information and belief, hereby alleges the following.

1.     At all relevant times, Plaintiff is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 100 Brodhead Road, Bethlehem, Pennsylvania.

2.     At all relevant times, Plaintiff owned and/or operated Hercules Cement Company L.P., located at 501 Hercules Drive, Stockertown, Pennsylvania (the "Premises").

3.     At all relevant times, Defendant General Electric Company ("GE") is a domestic corporation with its principal place of business located at 3135 Easton Turnpike, Fairfield, Connecticut 06828-0001.

4.     At all relevant times, Defendant GE transacted business in the Commonwealth of Pennsylvania.

5.     At all relevant times, Defendant GE engaged in the business of manufacturing, designing, approving, providing, selling, inspecting, testing, servicing and/or installing General Electric Innovation Series Type H variable speed Fan Drive Systems ("Fan Drive System"), and/or its components, including, but not limited to, the Fan Drive System's transformer coils.

6.     At all relevant times, Defendant Siemens Industry, Inc. ("Siemens"), was a Delaware corporation, with its principal place of business located at 3333 Old Milton Parkway, Alpharetta, Georgia.

7.     At all relevant times, Defendant Siemens Energy & Automation, Inc. ("Siemens Energy"), was a Delaware corporation, with its principal place of business located at 3333 Old Milton Parkway, Alpharetta, Georgia.

8.     At all relevant times, Robicon Corporation ("Robicon") was a Pennsylvania corporation, with its principal place of business located at 500 Hunt Valley Drive, New Kensington, Pennsylvania.

9.     At all relevant times, Robicon engaged in the business of manufacturing, designing, approving, providing, selling, inspecting, testing, servicing and/or installing components for Fan Drive Systems, including, but not limited to, the Fan Drive System's transformer coils.

10.     Subsequent to April 15, 2009, Defendant Siemens Energy purchased and/or obtained all interests, profits, obligations, debts, duties, responsibilities, claims and/or lawsuits of Robicon.

11.     Defendant Siemens Energy is the successor-in-interest to Robicon.

12.     Prior to April 15, 2009, Plaintiff retained Defendant GE to manufacture, design, approve, provide, sell, inspect, test, install and/or service a Fan Drive System, to provide draft air for operations at the Premises.

13.     Prior to April 15, 2009, Defendant GE did manufacture, design, approve, provide, sell, inspect, test, install and/or service a Fan Drive System at the Premises, which provided draft air for operations at the Premises.

14.     Prior to April 15, 2009, Robicon manufactured, designed, approved, provided, sold, inspected, tested, installed and/or serviced components for the Fan Drive System at the Premises.

15.     On or about April 15, 2009, a fire occurred at the Premises.

16.     The fire originated in the Fan Drive System located at the Premises.

17.     The fire occurred because the Fan Drive System and/or the Fan Drive System's transformer coils were improperly manufactured, designed, approved, provided, sold, inspected, tested, installed and/or serviced by Defendants.

18.     The fire was caused solely by Defendants' acts and/or omissions.

19.     As the successor-in-interest to Robicon, Defendant Siemens Energy is liable to Plaintiff for Robicon's acts and/or omissions, which caused and/or contributed to the fire.

- 3 -

20.     As a result of the fire, smoke and/or water used to extinguish the fire, Plaintiff

suffered damages in an amount exceeding Four Hundred Twenty-Six Thousand Seven Hundred

Fifty Dollars ($426,750.00).

**COUNT I**
**(NEGLIGENCE)**

21.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "20" with the same force and effect as though fully set forth

herein.

22.     Defendants owed a duty to Plaintiff, to manufacture, design, approve, provide,

sell, inspect, test, install and/or service the Fan Drive System and/or its components, including,

but not limited to, the Fan Drive System's transformer coils, which did not create a dangerous

condition and/or increase the risk of harm to Plaintiff's Premises.

23.     Defendants owed a duty to Plaintiff, to properly and safely manufacture, design,

approve, provide, sell, inspect, test, install and/or service the Fan Drive System and/or its

components, including, but not limited to, the Fan Drive System's transformer coils, so as to

minimize the potential for a fire.

24.     Defendants owed a duty to Plaintiff, to hire competent employees, agents,

servants, and/or representatives to manufacture, design, approve, provide, sell, inspect, test,

install and/or service the Fan Drive System and/or its components, including, but not limited to,

the Fan Drive System's transformer coils.

25.     Defendants negligently, carelessly and/or recklessly manufactured, designed, approved, provided, sold, inspected, tested, installed and/or serviced the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils.

26.     Defendants breached the above described duties owed to Plaintiff, by negligently, carelessly and/or recklessly manufacturing, designing, approving, providing, selling, inspecting, testing, installing and/or servicing the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils, and/or hiring and supervising incompetent employees, agents, servants, and/or representatives to do the same.

27.     Defendants breached their duties owed to Plaintiff, by failing to use due care in the manufacture, design, approval, providing, sale, inspection, test, installation and/or service of the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils, and/or hiring and supervising employees, agents, servants, agents and/or representatives to do the same.

28.     Defendants breached their duties owed to Plaintiff, by failing to consider the safety of the property of others in their manufacturing, designing, approving, providing, selling, inspecting, test, installing and/or servicing of the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils, and/or hiring and supervising employees, agents, servants, and/or representatives to do the same.

29.     Defendants breached their duties owed to Plaintiff, by failing to comply with the applicable statutes, rules, regulations and ordinances concerning the manufacturing, designing, approving, providing, selling, inspecting, testing, installing and/or servicing of the Fan Drive

System and/or its components, including, but not limited to, the Fan Drive System's transformer coils.

30.     The Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils were in the exclusive care, custody and control of Defendants at and about the time when the damage occurred.

31.     The damages suffered by Plaintiff were not due to any voluntary action and/or contribution on the part of Plaintiff.

32.     Plaintiff will rely upon *res ipsa loquitor*.

33.     As a direct, proximate and foreseeable result of Defendants' negligence, Plaintiff suffered damages in an amount exceeding Four Hundred Twenty-Six Thousand Seven Hundred Fifty Dollars ($426,750.00), exclusive of interest and costs.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the total amount of Plaintiff's damages, an amount in excess of Four Hundred Twenty-Six Thousand Seven Hundred Fifty Dollars ($426,750.00), together with interest, legal fees, costs and such other relief as the Court deems proper.

**COUNT II**
**(BREACH OF CONTRACT)**
**(ALTERNATIVE TO COUNT I)**

34.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as though fully set forth herein.

35.    Upon information and belief, Defendants entered into a contract and/or agreement with Plaintiff to manufacture, design, approve, provide, sell, inspect, test, install and/or service the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils.

36.    Upon information and belief, the agreement required that Defendants properly manufacture, design, approve, provide, sell, inspect, test, install and/or service the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils.

37.    Upon information and belief, Defendants' acts, on their own and/or through their employees, agents, servants and/or representatives, which caused the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils to fail and/or malfunction, were a breach of Defendants' duties and obligations under the agreement.

38.    As a foreseeable result of Defendants' breach, Plaintiff sustained extensive damages in an amount exceeding Four Hundred Twenty-Six Thousand Seven Hundred Fifty Dollars ($426,750.00), exclusive of interest and costs.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the total amount of Plaintiff's damages, an amount exceeding Four Hundred Twenty-Six Thousand Seven Hundred Fifty Dollars ($426,750.00), together with interest, legal fees, costs and such other relief as the Court deems proper.

## COUNT III
## (STRICT PRODUCTS LIABILITY)
## (ALTERNATIVE TO COUNTS I AND II)

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as though fully set forth herein.

40.     At all times relevant hereto, Defendants were and are engaged in the business of designing, manufacturing, testing, inspecting, distributing and/or selling the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils.

41.     Defendants, their agents, representatives and/or employees designed, manufactured, tested, inspected, distributed, serviced and/or sold into the stream of commerce a defective product, which caused the damages sustained by Plaintiff.

42.     Upon information and belief, the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils were:

    a)  in a defective condition and/or unreasonably dangerous at the time it left
        Defendants' hands (possession); and,

    b)  not changed in any manner after it left Defendants' hands (possession) and
        before it began to fail and/or malfunction.

43.     The Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils were not fit and sufficient for the purposes for which they were intended and were not, among other things, of proper, adequate and sufficient material, design and workmanship, or free from material defects.

44.   The defects in the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils were responsible for the fire at the Premises and the damages that resulted therefrom.

45.   The damages sustained by Plaintiff, as a result of the defective Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils could not have been prevented through Plaintiff's exercise of reasonable and prudent care.

46.   The Fan Drive System and/or its components, including, but not limited to, Fan Drive System's transformer coils would not have failed and resulted in damages, in the ordinary course of events, without Defendants' negligence.

47.   The damage and loss to Plaintiff, as a result of the fire was caused by Defendants' acts and/or omissions.

48.   Defendants are further liable because:

   a)  The Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils were designed, manufactured, tested, inspected, distributed, serviced and/or sold in a dangerous and defective condition in that they were susceptible to failure under usual conditions;

   b)  The Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils were by reason of their dangerous and defective condition unsafe and unfit for their ordinary and represented use and purpose;

   c)  The Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils were designed, manufactured, tested, inspected, supplied, marketed, distributed, serviced and/or sold in such a manner by Defendants that they were subject to fail;

    d) Defendants designed, manufactured, tested, inspected, supplied, marketed, distributed, serviced and/or sold a defective Fan Drive System and/or components, including, but not limited to, the Fan Drive System's transformer coils which created an ultra-hazardous and unreasonably dangerous product;

    e) Defendants knew, or should have known, that the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils were defective, dangerous and unreasonably hazardous and therefore, Defendants had a duty to warn, instruct and/or direct Plaintiff of these dangers;

    f) Defendants failed to adequately warn, instruct and/or direct Plaintiff of the defective, dangerous and unreasonably hazardous condition of the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils;

    g) Defendants took no measures to correct or repair said dangerous and defective condition in order to avoid subjecting Plaintiff to an unreasonable risk of injury or damages after Defendants knew or should have known of the risk; and,

    h) Defendants took no measures to design, manufacture, test and/or inspect the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils to prevent their failure.

    49.    In light of all the above, Defendants are responsible for Plaintiff's loss in strict liability.

    50.    The aforementioned defects in the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils were the cause for the fire and damages sustained by Plaintiff.

    WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the total amount of Plaintiff's damages, an amount in excess of Four Hundred Twenty-Six

Thousand Seven Hundred Fifty Dollars ($426,750.00), together with interest, legal fees, costs and such other relief as the Court deems proper.

**COUNT IV**
**(ALTERNATIVE TO COUNTS I, II AND III)**
**(BREACH OF EXPRESS AND IMPLIED WARRANTIES)**

51.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as though fully set forth herein.

52.     Defendants made express and implied warranties to Plaintiff concerning Defendants' design, manufacture, testing, inspection, supplying, marketing, distribution, installation, servicing and/or sale of the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils, and in the supervision, retention, management and/or performance of activities related to same.

53.     Defendants' representations, warranties and guarantees were part of the basis for Plaintiff entering into the agreement with Defendants for Plaintiff's benefit.

54.     Defendants breached their express and implied warranties, by failing to: perform all tasks required of them pursuant to the pertinent contracts and codes; satisfy all appropriate industry standards and guidelines; and in general acting in so negligent, careless and/or reckless manner so as to evince a complete disregard for the safety of the property of others, including, but not limited to, Plaintiff's property.

55.     Defendants breached their express and implied warranties when they negligently, carelessly and/or recklessly designed, manufactured, tested, inspected, supplied, marketed,

distributed, installed, serviced and/or sold the Fan Drive System and/or its components,

including, but not limited to, the Fan Drive System's transformer coils, and failed to supervise

same.

56.     To the extent said express and/or implied warranties were not directly with

Plaintiff, they were for Plaintiff's benefit and it is an intended third-party beneficiary.

57.     As a direct and foreseeable result of the aforesaid breaches by Defendants,

Plaintiff has incurred damages exceeding Four Hundred Twenty-Six Thousand Seven Hundred

Fifty Dollars (426,750.00), and Defendants are liable for such damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for

the total amount of Plaintiff's damages, an amount exceeding Four Hundred Twenty-Six

Thousand Seven Hundred Fifty Dollars ($426,750.00), together with interest, legal fees, costs

and such other relief as the Court deems proper.

### COUNT V
### (ALTERNATIVE TO COUNTS II, III AND IV)
### (BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY)

58.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "57" with the same force and effect as though fully set forth

herein.

59.     Defendants are responsible for the loss incurred by Plaintiff, under the Uniform

Commercial Code, 13 Pa C.S.A. § 2314 ("Implied Warranty; merchantability; usage of trade")

for Breach of Implied Warranty of Merchantability.

60.     Defendants made representations and/or warranties that the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils were reasonably fit for their ordinary purposes.

61.     Defendants are merchants, pursuant to the Uniform Commercial Code 13 Pa C.S.A. § 2104 ("Definitions: "merchant"; "between merchants"; "financing agency"), that held themselves out to the public as having knowledge and/or skill peculiar to the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils.

62.     Defendants breached their implied warranty of merchantability as the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils were not merchantable or fit for ordinary purposes; rather, the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils were defectively designed, manufactured, tested, inspected, distributed, serviced and/or sold.

63.     Defendants failed to adequately warn Plaintiff of the defective conditions of the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils and/or of any restrictions in their use.

64.     As a foreseeable result of the breach of implied warranty of merchantability by Defendants, the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils malfunctioned, the Premises was damaged and Plaintiff sustained extensive financial losses.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the total amount of Plaintiff's damages, an amount exceeding Four Hundred Twenty-Six

Thousand Seven Hundred Fifty Dollars ($426,750.00), together with interest, legal fees, costs

and such other relief as the Court deems proper.

**COUNT VI**
**(ALTERNATIVE TO COUNTS I, II, III, IV AND V)**
**(BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE)**

65.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "64" with the same force and effect as though fully set forth

herein.

66.     Defendants are responsible for Plaintiff's loss under the Uniform Commercial

Code 13 Pa C.S.A. § 2315 ("Implied Warranty:  fitness for a particular purpose"), for Breach of

Implied Warranty of Fitness for a Particular Purpose.

67.     Defendants knew or should have known the particular purpose for which the Fan

Drive System and/or its components, including, but not limited to, the Fan Drive System's

transformer coils would be used.

68.     Defendants had reason to know that their skill and judgment would be relied upon

by a buyer when purchasing the Fan Drive System and/or its components, including, but not

limited to, the Fan Drive System's transformer coils.

69.     The Fan Drive System and/or its components, including, but not limited to, the

Fan Drive System's transformer coils were not properly designed, manufactured, tested,

inspected, distributed, serviced and/or sold for their particular purpose by Defendants.

70.     As a foreseeable result of the breach of implied warranty of fitness for a particular

purpose by Defendants, the Fan Drive System and/or its components, including, but not limited

- 14 -

to, the Fan Drive System's transformer coils failed causing a fire at the Premises and Plaintiff sustained extensive financial losses.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the total amount of Plaintiff's damages, an amount exceeding Four Hundred Twenty-Six Thousand Seven Hundred Fifty Dollars ($426,750.00), together with interest, legal fees, costs and such other relief as the Court deems proper.

## COUNT VII
### (ALTERNATIVE TO COUNTS I, II, III, IV, V AND VI)
### (BREACH OF EXPRESS WARRANTY)

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as though fully set forth herein.

72.     Defendants are responsible for the loss incurred by the Plaintiff, under the Uniform Commercial Code 13 Pa C.S.A. § 2313 ("Express warranties by affirmation, promise, description or sample"), for Breach of Express Warranty.

73.     Defendants made affirmations of facts and/or promises which relate to the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils, and such affirmations of facts and/or promises became part of the basis of the bargain created when Plaintiff purchased the Fan Drive System from Defendant GE.

74.     Defendants made affirmations of fact and/or promises to Plaintiff which relate to the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils and in continued reliance upon said affirmations and promises, the

Plaintiff continued to use the Fan Drive System to provide draft air for operations at the Premises.

75.     Defendants described the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils to Plaintiff, and such description of the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils became part of the basis of the bargain and became an express warranty that the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils shall conform to the description made by Defendants.

76.     The Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils were not properly designed, manufactured, tested, inspected, distributed, serviced and/or sold as warranted by Defendants.

77.     Defendants breached the warranties and/or affirmations made which were the basis of the bargain in which Plaintiff purchased the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils from Defendant GE, and in reliance thereon, continued to use the Fan Drive System at the Premises.

78.     As a foreseeable result of the breach of warranty and/or affirmations made by Defendants, the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils did not conform to the affirmations, descriptions, samples, and/or models, causing Plaintiff to sustain extensive financial loss.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the total amount of Plaintiff's damages, an amount exceeding Four Hundred Twenty-Six

Thousand Seven Hundred Fifty Dollars ($426,750.00), together with interest, legal fees, costs and such other relief as the Court deems proper.

## COUNT VIII
### (ALTERNATIVE TO COUNTS I, II, III, IV, V, VI AND VI)
### (GROSS NEGLIGENCE, RECKLESSNESS AND/OR
### WILLFUL AND WANTON MISCONDUCT)

79.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as though fully set forth herein.

80.     Defendants knew or should have known that the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils was going to create a dangerous and ultra-hazardous condition at the Premises.

81.     Defendants knew or should have known that the activities which they were to perform were to prevent the dangerous and ultra-hazardous condition from causing the loss of life, limb and/or property.

82.     Defendants knew or should have known that their failure to properly perform their duties could result in the loss of life, limb and/or property, and a high degree of danger was present.

83.     Defendants knew or should have known that because of the dangerous and ultra-hazardous condition created at the Premises, their conduct and duties owed to Plaintiff, were required to be beyond that of ordinary care.

84.     Defendants knew or should have know that their activities at the Premises were part of a dangerous and ultra-hazardous activity.

85.     Defendants knew or should have known that any departure from ordinary care could result in the loss of life, limb and/or property.

86.     Defendants were required to conduct themselves with a high degree of caution to avoid the apparent danger posed by the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils.

87.     Defendants' activities were in complete disregard for the rights and safety of Plaintiff and the consequences thereof.

88.     Defendants knew that their failure to properly manufacture, design, approve, provide, sell, inspect, test, install and/or service the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils, could result in the loss of life, limb and/or property.

89.     Despite all the knowledge held by Defendants, they intentionally, willfully, wantonly and/or recklessly failed to properly manufacture, design, approve, provide, sell, inspect, test, install and/or service the Fan Drive System and/or its components, including, but not limited to, the Fan Drive System's transformer coils.

90.     In light of the above, Defendants' activities were of a highly unreasonable conduct, an extreme departure from ordinary care, willful, wanton and/or reckless.

91.     Defendants' failure to abide by their required conduct and duty owed to Plaintiff was in and of itself an extreme departure from ordinary care.

92.    Defendants did not act out of mere mistake resulting from inexperience, excitement, confusion, thoughtlessness, inadvertence or simple inattention.

93.    As a direct and proximate result of Defendants' willful, wanton and/or reckless conduct, Plaintiff was caused to sustain damages in an amount exceeding Four Hundred Twenty-Six Thousand Seven Hundred Fifty Dollars ($426,750.00), together with interest, legal fees, costs and such other relief as the Court deems proper.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the total amount of Plaintiff's damages, an amount exceeding Four Hundred Twenty-Six Thousand Seven Hundred Fifty Dollars ($426,750.00), together with interest, legal fees, costs and such other relief as the Court deems proper.

Respectfully submitted,

BROUGHAL & DeVITO, L.L.P.

By: _____
Leo V. DeVito, Jr., Esquire
Attorney I.D. #40000
38 W. Market Street
Bethlehem, PA  18018
Telephone No.: (610) 865-3664
Facsimile No.: (610) 865-0969

-and-

CLAUSEN MILLER P.C.
Robert A. Stern, Esq. (not admitted in PA)
Thomas D. Jacobson, Esq. (not admitted in PA)
One Chase Manhattan Plaza
New York, New York 10005
(212) 805-3900

## VERIFICATION

I, LEO V. DeVITO, JR., ESQUIRE, being duly sworn according to law, depose and state that I am the attorney for the Plaintiff RC Lonestar Inc., and I make this verification on its behalf and that the said Plaintiff is unavailable and unable to make this verification on its own behalf within the time allotted for filing of the Complaint and the facts set forth in the foregoing are true and correct to the best of counsel's knowledge, information and belief.

This verification is made pursuant to Pa. R.C.P. 1024 and is based on interviews, conferences, reports, records, and other investigatory material in the file.

BROUGHAL & DeVITO, L.L.P.

Date: 7-12-10

LEO V. DeVITO, JR., ESQUIRE
Attorney I.D. No. 40000
*Attorneys for Plaintiff*
*RC Lonestar Inc.*
38 West Market Street
Bethlehem, PA 18018
Telephone (610) 865-3664
Facsimile (610)865-0969

## CERTIFICATE OF SERVICE

**I , LEO V. DeVITO, JR., ESQUIRE, HEREBY CERTIFY** that a true and correct

copy of the foregoing Complaint was served upon Defendants via United States First Class Mail

on Monday, July 12, 2010, as follows:

General Electric Company
3135 Easton Turnpike
Fairfield, CT  06828-0001

Siemens Industry, Inc.
3333 Old Milton Parkway
Alpharetta, GA  30005-4437

Siemens Energy & Automation, Inc.
3333 Old Milton Parkway
Alpharetta, GA  30005-4437

Robicon Corporation
500 Hunt Valley Drive
New Kensington, PA  15068-7060

**BROUGHAL & DeVITO, L.L.P.**

Date ___7-12-10___

**LEO V. DeVITO, JR., ESQUIRE**
Attorney I.D. #40000
*Attorneys for Plaintiff*
38 West Market Street
Bethlehem, PA 18016
Telephone (610) 865-3664